IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONNIE CHANEY, | § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | |
| | § | |
| CERTIFIED COLLECTORS, INC., | § | |
| Defendant | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** Donnie Chaney, hereinafter referred to as Plaintiff complaining against Certified Collectors, Inc. hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is an action for damages brought by an individual Plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the

DTPA and to have an Order or injunction issued by this Court preventing Defendant from continuing its behavior in violation of the FDCPA. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and venue is proper before this Court as Plaintiff and/or Defendant reside in this District and/or the complained of actions occurred in this District. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

2. Plaintiff, Donnie Chaney, is a natural person and "consumer" as defined by 15 U.S.C. §1692(a)(3), the Texas Deceptive Trade Practices Act §17.45(4) and Texas Finance Code §392.001(1).

3. Defendant, Certified Collectors, Inc., is a domestic corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Texas Finance Code §392.001(2).

## FIRST COUNT
## FDCPA VIOLATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.  Defendant's first contact with Plaintiff was through the mail.  The letter was dated July 27 and represented itself as a "Mail-O-Gram."  In the letter, Defendant accused Plaintiff of owing $1195.00 but did not state who Plaintiff allegedly owed.  It also did not state that Plaintiff had a right to dispute the debt or give any other disclosures required by § 1692g(a).  Defendant also did not give these disclosures at any time in the 5 days after Plaintiff received this initial Mail-O-Gram (§ 1692g(a));

b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.  On or about 9/30/09, Plaintiff called Defendant's office and spoke with a "Ms. Rae."  Ms. Rae told Defendant at the end of the conversation that Defendant had already reported the debt as unpaid to Plaintiff's credit report and that it would remain on his report permanently (§ 1692e(5));

c) Falsely representing the character, amount, or legal status of Plaintiffs debt.  The alleged debt arose from a dental office who failed to bill Plaintiff's insurance.  Plaintiff is not responsible for a medical bill resulting from the creditor's failure to properly bill his insurance (§ 1692e(2)(A)).

5. As a result of the above violation of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

6. As a result of the above statutory violations, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, exemplary damages, statutory damages, and costs and attorney's fees.

## SECOND COUNT
## VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT

7. Plaintiff reincorporates by reference herein all prior paragraphs above.

8. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a) Threatening to take action prohibited by law. On or about 9/30/09, Plaintiff called Defendant's office and spoke with a "Ms. Rae." Ms. Rae told Defendant at the end of the conversation that Defendant had already reported the debt as unpaid to Plaintiff's credit report and that it would remain on his report permanently. The Defendant is in violation of Tex. Fin. Code §392.302(1);

    b) Misrepresenting the character, extent, or amount of Plaintiff's debt. The alleged debt arose from a dental office who failed to bill Plaintiff's insurance. Plaintiff is not responsible for a medical bill resulting from the creditor's failure to properly bill his insurance The Defendant is in violation of Tex Fin Code § 392.304(a)(8); and

    c) Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

9. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

10. Defendant's aforementioned statutory violations also constitute an invasion of Plaintiff's right to privacy, causing additional injury to Plaintiff's feelings, mental anguish and distress.

11. As a result of the above statutory violations and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, exemplary damages, statutory damages, and costs and attorney's fees.

## THIRD COUNT
## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

12. Plaintiff reincorporates by reference herein all prior paragraphs above.

13. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Plaintiffs Protection Act and cited in this petition as the "DTPA".

14. Defendant was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

15. Defendant made numerous material misrepresentations in an attempt to collect the purported debt as detailed above.

16. Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

17. Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

18. Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

19. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

20. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if

Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

21.   Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

## FOURTH COUNT
## COMMON LAW INVASION OF PRIVACY BY INTRUSION

22.   Plaintiff reincorporates by reference herein all prior paragraphs above.

23.   Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and against Defendant as follows:

(a)   a declaratory judgment be entered that Defendant's conduct violated the FDCPA;

(b)   an award of actual damages;

(c)   an award of statutory damages pursuant to 15 U.S.C. § 1692k;

(d) an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

(e) a declaratory judgment be entered that Defendant's conduct violated the Texas deceptive Trade Practices Act;

(f) an award for all actual damages, exemplary damages, emotional/mental anguish damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(g) seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

(h) such other and further relief as may be just and proper.

Respectfully submitted,

By: /s/Susan Landgraf
Susan Landgraf
Texas State Bar # 00784702
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
108 E. 46th Street
Austin, TX 78751
Phone: (512) 436-0036 ext. 116
Facsimile: (866) 317-2674

## **CERTIFICATE OF SERVICE**

I certify that on December 16, 2009, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, Amarillo Division, using the electronic case filing system of the court.

/s/  Susan A. Landgraf
SUSAN A. LANDGRAF
